IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY DAWSON; ENVIRONEX, LLC,
        Plaintiffs,
  v.
SOLANO COUNTY; DIRECTOR BIRGITTA CORSELO; TERRY SCHMIDTBAUER; MATT GEISERT; COLBY LAPLACE; MAX CLARK; DAVID PAULSON; CHIEF INVESTIGATOR ALEJANDRO GARZA; KURTIS CALDWELL; CAROL A. BURROUGHS; BOB ARAGON; ED HAGENDORN; DON LYON; MIKE FRANCIS; LAMB RYAN; ROGER CHESSHIRE; IVAN RODRIGUEZ; MIKE CORNWELL; DOTY; BAEZA; CHRIS EUBANKS; DAVID EUBANKS; SAM FUCCHI; DAVID MOJAS; ROBERT MOJAS,
        Defendants.

02:08-cv-02958-GEB-KJM

<u>ORDER OF DISMISSAL</u>

Plaintiffs' counsel's ("counsel") response to the Order to Show Cause and Federal Rule of Civil Procedure Rule 4(m) Notice, which counsel filed on April 27, 2009, ("counsel's response") indicates counsel is annoyed with the Court's decision to schedule a status report filing requirement when it did, rather than later as counsel previously requested in Plaintiffs' Status Report filed on March 16, 2009. Counsel indicates in counsel's response since counsel has "lost contact with Plaintiff GARY DAWSON, who is the manager/member of Plaintiff ENVIRONEX, LLC, the Court should not

1

have scheduled a status conference until after counsel had more time to discover the whereabouts of Plaintiffs. Response at 1. Counsel states he does not know Plaintiffs whereabouts as follows:

> Furthermore, insofar as locating the Plaintiff Gary Dawson is concerned, [counsel] has exhausted all attempts at locating Mr. Dawson. All correspondence, including that informing Plaintiff of [an] order have gone unanswered and/or returned. Furthermore, Plaintiff Dawson's telephone has been disconnected. Plaintiffs' counsel has no means of contacting Plaintiffs at this time and as Plaintiffs are in breach of their retainer agreement, service of process has not been accomplished against the named defendants. . . Hence, service of process has not been accomplished on any defendants in this case and Plaintiffs request that the time for service of process be extended until June 1, 2009, so that Plaintiffs' counsel can make one final attempt to notify Plaintiffs so that they may accomplish service of process.

Response at 2.

Counsel also states "Plaintiffs respectfully request that Plaintiffs be given until June 1, 2009 to accomplish service of process in this matter." Id. Counsel previously sought about the same amount of time for scheduling of a further status hearing in Plaintiffs Status Report filed on March 16, 2009, in which counsel stated his intent to withdraw from this action as follows:

> Further, plaintiff has failed to abide by various terms of the attorney/client retainer agreement in this case resulting in any breakdown of the attorney/client relationship in this matter. Hence, plaintiff's counsel will be moving to withdraw from this matter and would request that the Court continue the scheduling conference for ninety (90) days until such time that the motion to withdraw can be heard, ruled upon, and plaintiff can appear in pro per. However, in an abundance of caution, plaintiff submits the following status report.

Plaintiff's Status Report at 2.

2

Since this action has been pending since December 3, 2008, and counsel's explanations as to why no defendant has been served to date, and why Plaintiffs should be given more than the prescribed service period in Rule 4(m), are insufficient to excuse Plaintiffs' failure to serve any defendant by now, or to extend the 120 day service period prescribed in Rule 4(m), this action is dismissed for failure to effect service within Rule 4(m)'s 120 day service of process period.

Dated: April 29, 2009

GARLAND E. BURRELL, JR.
United States District Judge